E-filing

1  BURSOR & FISHER, P.A.
   L. Timothy Fisher (State Bar No. 191626)
2  2121 North California Blvd., Suite 1010
   Walnut Creek, CA 94596
3  Telephone: (925) 482-1515
   Facsimile: (925) 407-2700
4  E-Mail: ltfisher@bursor.com

5  THORNTON, DAVIS & FEIN, P.A.
   Barry L. Davis
6  Daniel R. Lever
   Aaron P. Davis
7  80 SW 8th Street, 29th Floor
   Miami, FL 33130
8  Telephone: (305) 446-2646
   Facsimile: (305) 441-2374
9  E-Mail: davis@tdflaw.com
           lever@tdflaw.com
10         adavis@tdflaw.com

11 Attorneys for Plaintiff

FILED
JAN 27 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK HENDRICKS, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

AT&T MOBILITY, LLC,

Defendant.

Case No. **C11-00409**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

ORIGINAL

CLASS ACTION COMPLAINT

Plaintiff Patrick Hendricks brings this action on behalf of himself and all others similarly situated against defendant AT&T Mobility, LLC ("AT&T"). Plaintiff makes the following allegations upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. AT&T's billing system for iPhone and iPad data transactions is like a rigged gas pump that charges for a full gallon when it pumps only nine-tenths of a gallon into your car's tank. AT&T's bills systematically overstate the amount of data used on each data transaction involving an iPhone or iPad account. This was discovered by an independent consulting firm retained by plaintiff's counsel, which conducted a two-month study of AT&T's billing practices for data usage, and found that AT&T bills systematically overstate web server traffic by 7% to 14%, and in some instances by over 300%. So, for example, if an iPhone user downloads a 50 KB website, AT&T's bill would typically overstate the traffic as 53.5 KB (a 7% overcharge) to as high as 150 KB (a 300% overcharge).

2. It gets worse. Not only does AT&T systematically overbill for every data transaction, it also bills for phantom data traffic when there is no actual data usage initiated by the customer. This was discovered by the same independent consulting firm, which purchased an iPhone from an AT&T store, immediately disabled all push notifications and location services, confirmed that no email account was configured on the phone, closed all applications, and let the phone sit untouched for ten days. During this 10-day period, AT&T billed the test account for 35 data transactions totaling 2,292 KB of usage. This is like the rigged gas pump charging you when you never even pulled your car into the station.

3. Tests conducted by the same independent consulting firm also show that AT&T's billing system does not accurately record the time and date on which data usage occurs, which often causes charges to be posted to the wrong billing cycle. Such untimely billing of data transactions prevents customers from monitoring their data usage, and also prevents customers from utilizing their full allotment of data within the billing cycle, and causes overcharges.

4. A customer cheated by a rigged gas pump may not notice the small fractions of a gallon missing from his tank, but the station owner can boost his revenues enormously by repeating the trick again and again to overcharge a large number of customers by a little bit apiece. The same is true with respect to AT&T's rigged data billings. Although AT&T's overcharges have a modest effect on an individual customer's bill, they have a huge effect on AT&T's bottom line. AT&T has 92.8 million customers. In the fourth quarter of 2010, AT&T reported its wireless data revenues increased $1.1 billion, or 27.4 percent, from the year-earlier quarter to $4.9 billion. A significant portion of those data revenues were inflated by AT&T's rigged billing system for data transactions.

### PARTIES

5. Plaintiff Patrick Hendricks is a resident of Alameda County, California.

6. Defendant AT&T Mobility LLC ("AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.

### JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and plaintiff, as well as most members of the proposed class, are citizens of states different from the state of the defendant.

8. The Court has personal jurisdiction over AT&T because (i) AT&T conducts continuous, regular and systematic business in this District, and (ii) AT&T transacts significant business within this District.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because AT&T transacts significant business within this District. Venue is also proper under 28 U.S.C. § 1391(c) because AT&T is subject to personal jurisdiction in this District.

### FACTUAL ALLEGATIONS CONCERNING PLAINTIFF PATRICK HENDRICKS

10. Plaintiff Patrick Hendricks is an AT&T iPhone subscriber with a usage-based data plan that provides a 200 MB monthly allowance of data usage for $15 per month. Usage in excess of the 200 MB allowance is billed at $15 for each additional 200 MB, or fraction thereof.

1    11.   AT&T's rigged billing system has systematically overstated Mr. Hendricks' data
2  usage. For example, for the October 6, 2010 through November 8, 2010 billing period, AT&T
3  charged Mr. Hendricks' account for 259 data transactions totaling 223 MB. Many of these charges
4  were for phantom data transactions that either never happened or were never initiated or
5  experienced by Mr. Hendricks. The remainder of these charges were systematically inflated in
6  terms of the actual amount of data used.
7    12.   Mr. Hendricks suffered economic losses as a result of AT&T's rigged billing system
8  because (a) he incurred and paid fees to AT&T which he would not have incurred if his data usage
9  had been accurately metered, and (b) he curtailed his data usage to attempt to avoid incurring such
10 fees, which prevented him from making full, or nearly full, use of the 200 MB of data that he pays
11 for every month.

## CLASS ACTION ALLEGATIONS

13   13.   Plaintiff seeks to represent a class defined as all persons in the United States and its
14 territories with a usage-based data plan on an AT&T iPhone or iPad account for any time period
15 from June 29, 2007 to date (hereafter, the "Class").
16   14.   Plaintiff also seeks to represent a subclass defined as all Class members whose
17 accounts show a California area code or billing address (hereafter, the "California Subclass").
18   15.   Members of the Class and California Subclass are so numerous that their individual
19 joinder herein is impracticable. On information and belief, members of the Class and California
20 Subclass number in the millions. The precise number of Class members and their identities are
21 unknown to plaintiff at this time but will be determined through discovery. Class members may be
22 notified of the pendency of this action by mail, email, and/or publication through the distribution
23 records of Defendants and third party retailers and vendors.
24   16.   Common questions of law and fact exist as to all Class members and predominate
25 over questions affecting only individual Class members. These common legal and factual
26 questions include, but are not limited to:
27         a.   whether AT&T rigged its billing system to systematically overstate the amount of
28              data used on each data transaction involving an iPhone or iPad account;

b. whether AT&T's billing system imposed, and continues to impose, charges for phantom data traffic when there is no actual data usage;

c. whether AT&T's billing system caused, and continues to cause, charges for data usage to be posted to the wrong billing cycle, thereby causing overcharges;

d. whether such conduct constituted a breach of contract;

e. whether AT&T was unjustly enriched by these billing practices; and

f. whether these billing practices are unjust or unreasonable charges or practices under 47 U.S.C. § 201(b);

17. Common questions of law and fact exist as to all California Subclass members, and predominate over questions affecting only individual California Subclass members. These common legal and factual questions include, but are not limited to:

a. whether AT&T's billing practices described herein are unlawful, unfair, or fraudulent business practices under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq*.

18. The claims of plaintiff Patrick Hendricks are typical of the claims of Class members, because each Plaintiff and Class member incurred data charges that were systematically overstated by AT&T.

19. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained counsel competent and experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by plaintiff and his counsel.

20. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential

CLASS ACTION COMPLAINT 4

for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### (Common Count For Money Had And Received)

21. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

22. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against defendant AT&T.

23. AT&T has improperly billed plaintiff and Class members for data usage.

24. As a proximate result of AT&T's improper billings of data usage, AT&T has received monies from plaintiff and Class members, and AT&T has no right thereto.

25. The monies received by AT&T for these charges belong to plaintiff and Class members and must be returned to them.

26. WHEREFORE, plaintiff seeks an order requiring AT&T to:

    (a) Pay damages according to proof;

    (b) Immediately cease the improper billing of data pay per use charges;

    (c) Make full restitution of all monies wrongfully obtained; and

    (d) Disgorge all ill-gotten revenues and/or profits.

## COUNT II

### (Breach Of Contract)

27. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

28. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against defendant AT&T.

29. Plaintiff and Class members are parties to a valid contract with AT&T.

30. Plaintiff and Class members have performed all of their duties and obligations under such contracts, except those excused by AT&T's nonperformance.

31. AT&T breached the contracts with plaintiff and Class members by rigging the AT&T billing system to overstate actual data usage.

32. Plaintiff and Class members incurred damage as a proximate result of AT&T's breach because they paid the incorrect and improper charges and/or were prevented from using the full allotment of data usage they paid for.

33. WHEREFORE, plaintiff seeks an order requiring AT&T to:

    (a) Pay damages according to proof;

    (b) Immediately cease the improper billing of data usage;

    (c) Make full restitution of all monies wrongfully obtained; and

    (d) Disgorge all ill-gotten revenues and/or profits.

## COUNT III

### (Unjust Enrichment)

34. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

35. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against defendant AT&T.

36. AT&T received benefits from, and at the expense of plaintiff and Class members who paid for data usage that was incorrectly and improperly billed to them.

37. It would be unjust for AT&T to retain those benefits at the expense of plaintiff and Class members.

38. WHEREFORE, plaintiff seeks an order requiring AT&T to:

    (a) Pay damages according to proof;

    (b) Immediately cease the improper billing of data usage;

    (c) Make full restitution of all monies wrongfully obtained; and

(d) Disgorge all ill-gotten revenues and/or profits.

## COUNT IV

### (Violation Of 47 U.S.C. § 201(b))

39. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against defendant AT&T.

41. This court has jurisdiction over this claim pursuant to 47 U.S.C. § 207.

42. AT&T's charges and practices of billing data usage are unjust and unreasonable in violation of 47 U.S.C. § 201(b).

43. Plaintiff and Class members have standing to bring suit for the recovery of damages in any district court of competent jurisdiction under 47 U.S.C. § 207, because they incurred damage as a proximate result of AT&T's violation of 47 U.S.C. § 201(b) because they paid incorrect, improper and overstated charges, and/or were prevented from using the full allotment of data usage they paid for.

44. WHEREFORE, plaintiff seeks an order, under 47 U.S.C. § 206, requiring AT&T to pay the full amount of damages sustained in consequence of AT&T's violations, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case.

## COUNT V

### (Unlawful, Unfair, and Fraudulent Business Practices in Violation of the Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq.*)

45. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

46. Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against defendant AT&T.

47. AT&T's billing practices described herein are unlawful, unfair and fraudulent business practices in violation of Bus. & Prof. Code §§ 17200 *et seq.*

48. Plaintiff and members of the California Subclass have suffered an injury in fact resulting in the loss of money or property as a result of AT&T's unlawful, unfair and fraudulent business practices, because they paid incorrect, improper and overstated charges, and/or were prevented from using the full allotment of data usage they paid for.

49. WHEREFORE, plaintiff seeks an order, pursuant to Bus. & Prof. Code § 17203, (a) permanently enjoining AT&T from continuing to engage in the billing practices described herein, (b) ordering AT&T to reverse charges for overstated data usage that remain pending or unpaid, (c) ordering AT&T to make full restitution of all monies obtained as a result of the rigged billings that overstated data usage, and (d) to disgorge all ill-gotten revenues and/or profits obtained as a result of these billing practices.

## PRAYER FOR RELIEF

50. WHEREFORE, plaintiff, on behalf of himself and on behalf of the members of the proposed Class and California Subclass, prays: (a) for all forms of relief set forth above, (b) for an order certifying the proposed Class and California Subclass and appointing plaintiff and her undersigned counsel of record to represent the proposed Class and California Subclass, (c) for punitive damages, (d) for costs of suit herein; (e) for both pre- and post-judgment interest on any amounts awarded, (d) for payment of reasonable attorney's fees, and (e) for such other and further relief as the Court may deem proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: January 27, 2011

BURSOR & FISHER, P.A.

By: /s/ L. Timothy Fisher
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
Telephone: (925) 482-1515
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

THORNTON, DAVIS & FEIN, P.A.
Barry L. Davis
Daniel R. Lever
Aaron P. Davis
80 SW 8th Street, 29th Floor
Miami, FL 33130
Telephone: (305) 446-2646
Facsimile: (305) 441-2374
E-Mails: davis@tdflaw.com
lever@tdflaw.com
adavis@tdflaw.com

Attorneys for Plaintiff

CLASS ACTION COMPLAINT        9